UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVEN A. PETERSON,<br><br>              Plaintiff,<br><br>vs.<br><br>BRENT REINKE, SHANE EVANS, RICHARD CRAIG, JEREMY CLARK, GARRETT COBURN, DOUG KLINGER, SANDY JONES, BILL YOUNG, MARK FUNAIOLE, JANE DRESSEN, NORMAN LANGERAK, and MIKE MATHEWS,<br><br>              Defendants. | Case No. 1:14-cv-00477-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court in this prisoner civil rights action filed by Plaintiff Steven A. Peterson is Defendants' Motion for Summary Judgment. (Dkt. 22.) Defendants also request that the Court seal the briefing associated with the Motion for Summary Judgment. (Dkt. 21.) All parties appearing in this case have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c). (Dkt. 19.) Having reviewed the record, and considered the arguments of the parties, the Court enters the following Order.

**MEMORANDUM DECISION AND ORDER - 1**

# BACKGROUND

Plaintiff Steven Peterson is an Idaho Department of Correction (IDOC) inmate incarcerated on two robbery convictions who has been released on parole several times. While on parole, he developed a pattern of burglarizing women's homes to steal their lingerie, resulting in parole violations, additional burglary convictions, and, most recently, re-incarceration. When his home was searched in conjunction with a parole check in 2005, law enforcement officers found 109 pairs of women's underwear hidden between his mattress and box springs and in his bedroom closet. IDOC mental health professionals and the Idaho Commission of Pardons and Parole (ICPP) have determined that Plaintiff would benefit from the Sex Offender Therapy Program (SOTP), even though Plaintiff's crimes are not categorized as sex offenses. In addition, in rejecting Plaintiff's recent request for parole, the ICPP told him he would have to complete the SOTP and register as a sex offender.

Plaintiff was denied parole on September 13, 2016, after the Motion for Summary Judgment in this action was filed. Another parole hearing was set for September 2017.[1]

Plaintiff alleges that Defendants have violated his due process rights by requiring him to attend the SOTP and register as a sex offender. He seeks declaratory relief and an injunction ordering the ICPP to grant him parole without these conditions, because his crime is not classified as a sex offense.

In Idaho, inmates are not classified as "sex offenders" while in prison; instead they are classified according to minimum, medium, and maximum security levels. (Ashley

---

[1]     See https://parole.idaho.gov/decisions.html.

**MEMORANDUM DECISION AND ORDER - 2**

Dowell Affidavit, Dkt. 22-7.) The former IDOC "pathways" rehabilitative system, which had a sex offender pathway, has been discontinued, and the IDOC has replaced the SOTP with two cognitive behavioral programs from the University of Cincinnati: (1) Cognitive-Behavioral Interventions for Sexual Offending, and (2) Cognitive Behavioral Interventions: Advanced Practices. (*Id.*) Placement in these programs is up to the discretion of IDOC officials based on assessments of individual offenders and program criteria. (*Id.*)

## REVIEW OF MOTION TO SEAL

Defendants have requested that the Court seal Defendants' Motion for Summary Judgment and all supporting documents. (Dkt. 21.) Defendants assert that the confidential nature of Plaintiff's mental health history and mental health records warrant sealing.

There is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178).

Parties "who seek to maintain the secrecy of documents" are not entitled to a protective order unless they "meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1180. Those compelling reasons must outweigh the competing interests of the public in having access to the judicial records and understanding the judicial process. *Id.* at 1178−79; *see also Pintos*, 605 F.3d at 679 & n.

**MEMORANDUM DECISION AND ORDER - 3**

6 (court must weigh "relevant factors," including the public's interest in understanding the judicial process).

In *Bailey v. Wexford Medical Service*, 2014 WL 4541266 (D.Md. Sept. 10, 2014) (unpublished), the United States District Court for the District of Maryland issued a well-reasoned decision in a similar case. That Court recognized that, even though a privacy interest in the plaintiff's medical records was at stake, the "public's right of access to dispositive motions and the exhibits filed within is protected to an even higher standard by the First Amendment." *Id*. at *5 (citing *Rushford v. New Yorker Magazine, Inc*., 846 F.2d 249, 253 (4th Cir. 1988)). The court further recognized that the public's right to access "extends to a judicial opinion ruling on a summary judgment motion," and that the First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" *Id*. (citing *Doe v. Public Citizen*, 749 F.3d 246, 265–66 (4th Cir. 2014)).

In the *Bailey* case, Defendant Wexford argued that, even though Bailey had placed his medical information at issue in the case, Wexford's motion and its attached exhibits, which included a doctor's affidavit and hundreds of pages of Bailey's medical records, should be shielded from public view. Wexford argued also that the motion and its exhibits "could not be redacted without eviscerating the purpose of the [m]otion" and without harming Wexford's ability to present an adequate defense to Bailey's medical claims. *Id*. at *6.

**MEMORANDUM DECISION AND ORDER - 4**

The Maryland court reasoned and concluded:

> The court agrees that Bailey has placed his medical information at issue by asserting in his complaint that he repeatedly cut his own wrist and then fabricated a story of sexual assault so that he would be taken to a hospital to receive proper medical treatment. The court must therefore look to, and rely on, the medical records surrounding his treatment. But given the quantity of personal medical information in the medical records that is unrelated to the issues in this case, and the fact that this information is scattered throughout the records, Bailey's interest in sealing the full medical records is compelling. In contrast, the factual information referenced in Wexford's memorandum in support of its motion to dismiss or, in the alternative, motion for summary judgment, is inextricably tied to the issues in this case, as is the factual information in Dr. Ottey's affidavit. In order to narrowly tailor the denial of access to serve Bailey's compelling interest in not making public a large amount of medical information unrelated to his claims, the court grants Wexford's motion to seal as to the medical records, but denies the motion as to both Wexford's memorandum in support of its motion to dismiss or, in the alternative, motion for summary judgment, and Dr. Ottey's affidavit.

*Id.*

In this case, the public has a strong interest in knowing what occurs at the prison and in parole hearings, all of which are funded entirely by taxpayer dollars. Whether an inmate's constitutional rights are being violated by state actors is important information for the general public to know. The Court also recognizes that Plaintiff has an interest in keeping his mental health records private, and that he should not have to sacrifice all his privacy rights to bring a civil rights suit alleging unconstitutional government conduct. Therefore, the Court will, in large part, follow the guidance of the Maryland district court, and balance the interests of Plaintiff and the public. The Motion to Seal will be granted in part, and denied in part. The medical records and Affidavit of Dr. Michael

**MEMORANDUM DECISION AND ORDER - 5**

Johnston will remain under seal, but the motion, memorandum, statement of facts, response, and reply will be unsealed.

## REVIEW OF MOTION FOR SUMMARY JUDGMENT

1. **Standard of Law**

Summary judgment is appropriate where a party can show, as to a particular claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). One of the principal purposes of the summary judgment rule "is to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). It is not "a disfavored procedural shortcut," but is instead the "principal tool[] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id*. at 327.

The moving party is entitled to summary judgment if that party shows that each material fact cannot be disputed. To show that the material facts are not in dispute, a party may cite to portions of materials in the record, or show that the adverse party is unable to produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(A) & (B). The Court must consider "the cited materials," but it may also consider "other materials in the record." Fed. R. Civ. P. 56(c)(3).

2. **Discussion**

The Fourteenth Amendment of the U.S. Constitution guarantees all citizens, including inmates, due process of law. However, only certain interests receive the

**MEMORANDUM DECISION AND ORDER - 6**

guarantees of due process. An inmate's right to procedural due process arises only when a constitutionally protected liberty or property interest is at stake. *Wilkinson v. Austin,* 545 U.S. 209, 221 (2005). Therefore, courts analyze procedural due process claims in two parts. First, the court must determine whether the plaintiff possessed a constitutionally protected interest. *Brown v. Ore. Dep't of Corrs.,* 751 F.3d 983, 987 (9th Cir. 2014). If not, the inquiry ends. If so, the court must compare the required level of due process with the procedures the defendants observed. *Id.* A claim lies only where the plaintiff has a protected interest, and defendants' procedure was constitutionally inadequate. *Id.*

### A.   Liberty Interest - Parole

There is no liberty interest in being granted parole in Idaho. Therefore, there are no due process rights attached to parole hearings. *See Dopp v. Idaho Commission of Pardons and Parole*, 84 P.3d 593, 660-61 (Idaho Ct. App. 2004). *Accord, Drennon v. Craven*, 105 P.3d 694, 696 (Idaho Ct. App. 2004) (finding no due process right in parole hearing because "it has long been settled—that the possibility of parole is not protected by due process and that inmates have no constitutional right to due process in parole hearings"). To the extent that Plaintiff is asserting he has a due process right arising from either ineligibility for parole or the particular parole processes to which he has been subjected, his claim fails.

**MEMORANDUM DECISION AND ORDER - 7**

### B. *Liberty Interest - Prison Rehabilitation*

There is no liberty interest involved in simply being required to attend prison rehabilitative programs, including sex offender treatment. *Neal v. Shimoda*, 131 F.3d 818, 830 (9th Cir. 1997). This holds true, so long as the requirement to attend a prison rehabilitative program, such as a sex offender treatment program, is not coupled with a stigmatizing "classification." *See id*.

### C. *Liberty Interest - Sex Offender Treatment Coupled with Classification as Sex Offender*

There is a recognized liberty interest when a person is subjected to both "the stigmatizing consequences of the attachment of the 'sex offender' label coupled with the subjection of the targeted inmate to a mandatory treatment program whose successful completion is a precondition for parole eligibility." *Neal*, 131 F.3d at 830). *See Vitek v. Jones*, 445 U.S. 480 (1980) (an inmate's criminal conviction and sentence do not authorize the State to classify him as mentally ill and to subject him to involuntary psychiatric treatment without affording him additional due process protections).

Defendants argue that Plaintiff cannot rely on *Neal v. Shimoda*, because the mandatory nature of Hawaii's sex offender classification scheme arose from its statutes. In Hawaii, those who had engaged in sexual misconduct during the commission of their crimes were eligible for classification as a sex offender and were required to complete sex offender treatment before parole eligibility. Idaho has no such classification system within the prison system.

MEMORANDUM DECISION AND ORDER - 8

However, the Court reads *Neal* as implicating a liberty interest whenever a person is "classified" as a sex offender and required to attend sex offender treatment to be eligible for parole. It is not necessary that a liberty interest arise from a law or regulation; it can arise from a "classification" system that the ICPP uses as a condition of parole, when coupled with a mandatory sex offender treatment requirement. Although the Idaho sex offender registry statute, Idaho Code § 18-8304, is a classification system that is limited to certain sex offender crimes,[2] if the ICPP nevertheless intends to classify non-sex offenders as sex offenders as a matter of discretion or some other authority, the label remains a stigmatizing "classification." The Ninth Circuit observed: "We can hardly

---

[2]   Idaho requires persons convicted of the following to register as sex offenders:

(1) The provisions of this chapter shall apply to any person who: (a) On or after July 1, 1993, is convicted of the crime, or an attempt, a solicitation, or a conspiracy to commit a crime provided for in section 18-909 (assault with intent to commit rape, infamous crime against nature, or lewd and lascivious conduct with a minor, but excluding mayhem, murder or robbery), 18-911 (battery with intent to commit rape, infamous crime against nature, or lewd and lascivious conduct with a minor, but excluding mayhem, murder or robbery), 18-919 (sexual exploitation by a medical care provider), 18-1505B (sexual abuse and exploitation of a vulnerable adult), 18-1506 (sexual abuse of a child under sixteen years of age), 18-1506A (ritualized abuse of a child), felony violations of 18-1507 (sexual exploitation of a child), 18-1508 (lewd conduct with a minor child), 18-1508A (sexual battery of a minor child sixteen or seventeen years of age), 18-1509A (enticing a child over the internet), 18-4003(d) (murder committed in perpetration of rape), 18-4116 (indecent exposure, but excluding a misdemeanor conviction), 18-4502 (first degree kidnapping committed for the purpose of rape, committing the infamous crime against nature or for committing any lewd and lascivious act upon any child under the age of sixteen, or for purposes of sexual gratification or arousal), 18-4503 (second degree kidnapping where the victim is an unrelated minor child), 18-5605 (detention for prostitution), 18-5609 (inducing person under eighteen years of age into prostitution), 18-5610 (utilizing a person under eighteen years of age for prostitution), 18-5611 (inducing person under eighteen years of age to patronize a prostitute), 18-6101 (rape, but excluding 18-6101(1) where the defendant is eighteen years of age), 18-6110 (sexual contact with a prisoner), 18-6602 (incest), 18-6605 (crime against nature), 18-6608 (forcible sexual penetration by use of a foreign object), 18-6609 (video voyeurism where the victim is a minor or upon a second or subsequent conviction), 18-7804 (if the racketeering act involves kidnapping of a minor) or 18-8602(1), Idaho Code, (sex trafficking).

**MEMORANDUM DECISION AND ORDER - 9**

conceive of a state's action bearing more 'stigmatizing consequences' than the labeling of a prison inmate as a sex offender." *Neal*, 131 F.3d at 829.

Defendants' argument that *Neal* can be distinguished—because in Hawaii, the classified inmates were ineligible for a parole hearing until they completed the SOTP, at which time they were considered for parole, while in Idaho, the inmates may have a parole hearing but are informed there of their ineligibility for parole unless they complete the programming and register as a sex offender—is a distinction without a difference. Simply put, a stigmatizing classification plus a mandate for treatment equals a liberty interest.

Plaintiff offers evidence that the ICPP stated that Plaintiff is *required* to complete the SOTP if he is to be given a third chance for parole, and that he will be required to register as a sex offender.[3] The registration requirement appears to be contrary to the Idaho statute, Idaho Code § 18-8304. (See Footnote 1.) Plaintiff was denied parole in September 2016, but the parties have not updated the record in this matter with the reasoning behind denial or whether the ICPP continues to impose a sex offender registration requirement upon Plaintiff.

---

[3] Plaintiff cites the following language from a parole hearing summary dated June 5, 2013:

"If he is to receive a third chance, he will need to do the SOTP."

"The Commission elects to grant a tentative parole date of 06/05/13 (open) upon completion of SOTP with the following special conditions:

5. You must register as a sex offender as dictated by law."

(Dkt. 22-5, p. 22.)

**MEMORANDUM DECISION AND ORDER - 10**

If Plaintiff is to be subjected to both mandatory treatment and the registry, then Defendants are not entitled to summary judgment. However, if Plaintiff is to be subjected only to mandatory treatment that includes no classification as a sex offender, then he has no liberty interest, because he has not been "branded as a sex offender," requiring inclusion on the state's sex offender registry. *Neal*, 131 F.3d at 829.

### D.  Liberty Interest - Sex Offender Classification by Registration Requirement

The Court also considers whether Plaintiff has a liberty interest in not being required to register as a sex offender if his crime is not one listed in the statute, regardless of whether he must participate in the SOTP. It appears Plaintiff does have the right to procedural due process, requiring the State to prove why he should be so classified, contrary to the state legislature's intent. Imposing the registry in a manner contrary to the statute may also implicate Plaintiff's substantive due process rights, as he is arguing that he has the right not to be classified as a sex offender if the offense of conviction is not listed as a registration-eligible offense in the statute, regardless of how much process he is given.

Plaintiff has not yet been deprived of a liberty interest, because he has not been required to register as a sex offender, which potentially raises issues of standing or ripeness. Because the statute plainly does not appear to apply to Plaintiff, it may be that the "requirement" to register as a sex offender that is included in Plaintiff's parole paperwork is simply a mistake, especially given the fact that ICPP Executive Director

**MEMORANDUM DECISION AND ORDER - 11**

Sandy Jones makes no mention of this "requirement" in her Affidavit (Dkt. 22-4), and counsel does not include or analyze this factor in Defendants' briefing. (Dkts. 21 & 24). It may be that a clerical staff member simply cut and pasted a set of requirements that regularly appears on sex offenders' parole paperwork into Plaintiff's paperwork, not realizing that his is a unique set of circumstances. Defendants will be given leave to clarify and supplement the facts.

   3.  **Conclusion**

It is clear from the record that Plaintiff's individual assessment demonstrates that he very well could benefit from sex offender treatment and that placement in that rehabilitative program is in the best interests of society, because his burglary crimes have in part an underlying sexual motive. It is equally clear that his crime is not listed among those for which a person is required to register. It is unclear whether the ICPP intends to hold Plaintiff to a "requirement" to register, which appears to be the factor upon which this case turns. At this time, summary judgment in Defendants' favor is not appropriate on the undisputed facts before the Court.

The Motion for Summary Judgment will be denied without prejudice. Defendants will be required to supplement the record with information either confirming that Plaintiff will be required to register as a sex offender and outlining the due process protections provided to Plaintiff, or declaring that the ICPP was mistaken that the sex offender registry statute applies to Plaintiff and will not seek to impose that requirement upon Plaintiff if he is paroled. The Court will re-open and reconsider the Motion for Summary

Judgment at that time. Should this case continue beyond summary judgment, Plaintiff will be permitted to proceed against named Defendant Sandy Jones, Executive Director of the ICPP. See Defendants' Reply at Dkt. 24, p. 4) (arguing that an injunction related to parole cannot be imposed against the presently-named IDOC employees, who have no authority over parole).

## ORDER

IT IS ORDERED:

1. Defendants' Motion to Seal (Dkt. 21) is GRANTED in part and DENIED in part. The medical records and affidavit of Dr. Michael Johnston (Dkt. 22-6) shall remain under seal, but the motion, memorandum, statement of facts, response, and reply (Dkts. 22, 22-1, 22-2, 22-3, 22-4, 22-5, 22-7, 22-8, 23, and 24) shall be unsealed.

2. Defendants' Motion for Summary Judgment (Dkt. 22) is DENIED without prejudice.

3. Defendants shall file a supplemental memorandum as directed above within **30 days** after entry of this Order, and the Court will re-open consideration of the Motion for Summary Judgment.

4. Plaintiff may file a responsive supplemental memorandum within **30 days** after Defendants file their supplemental memorandum. Defendants may file a reply, if desired, within **21 days**.

**MEMORANDUM DECISION AND ORDER - 13**



DATED: March 27, 2017

_____
Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 14**