UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVEN A. PETERSON,<br><br>                 Plaintiff,<br><br>vs.<br><br>HENRY ATENCIO, et al.,<br><br>                 Defendants. | Case No. 1:14-cv-00477-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

On March 27, 2017, the Court denied without prejudice Defendants' Motion for Summary Judgment because the Court did not have sufficient factual information to grant or deny the Motion. (Dkt. 22.) The Court permitted the parties to file supplemental briefing to address several questions regarding the facts underlying the due process claims. First, where an offender's crime lies outside Idaho Code § 18-8304 (outlining those crimes subject to the Sex Offender Registry Act), can the Idaho Commission of Pardons and Parole (ICPP) require a parolee to register as a sex offender? Second, did the ICPP mistakenly conclude in the June 5, 2013 hearing minutes that the registration requirement applies to Plaintiff?

Defendants provide the following facts to supplement their Motion for Summary Judgment. Idaho Code § 18-8304 alone dictates which crimes are subject to the Act. If

**MEMORANDUM DECISION AND ORDER - 1**

the crime is not included in the statutory list, sex offender registration cannot be required. Plaintiff's crimes are not among those listed in the statute; therefore, he is not required to register. Plaintiff's (and the Court's) assumption that the words in the minutes from Plaintiff's parole hearing—"You must register as a sex offender as dictated by law,"— meant that *Plaintiff* must register as a sex offender is mistaken. Defendants explain that this is simply a generic statement included in the minutes that may or may not apply to a parolee. The term "as dictated by law" means "*if* dictated by law." In other words, if a conviction is for a crime specified in the statute, then registration is required, because it is "dictated by law." That is fairly clear where a parolee has been convicted of one of the listed crimes. However, it is somewhat ambiguous and confusing for the ICPP to use the same language in a situation like Plaintiff's—where the crime is not listed, but yet has a sexual component to it. The ICPP intends that such persons simply disregard that statement, because they are not required to register, as it is not "dictated by law."

The use of this ambiguous term, especially in a hybrid setting like Plaintiff's, is confusing. Nevertheless, because the term does not mean what Plaintiff and the Court thought it meant, but it, in fact, means the opposite for Plaintiff, whose crime is *not* among those for which registration is "dictated by law," then Defendants have shown that there is no genuine factual dispute before the Court and that they are entitled to judgment as a matter of law. To clarify, Plaintiff is not required to register as a sex offender.

The Court will not re-address Plaintiff's argument that his constitutional rights are or will be violated by a requirement that he attend sex offender treatment. The Constitution is not concerned with whether Defendants have wrongly assessed him

**MEMORANDUM DECISION AND ORDER - 2**

according to the "STATIC assessment instrument." In any event, the Court agrees with Defendants' assertion that the STATIC assessment coding rules provide that it is appropriate for an offense that is "not … called 'sexual' in its legal title or definition," but that "directly involve illegal sexual behavior" such as a "Break-&-Enter [conviction] when [an offender] was really going in to steal dirty underwear to use for fetishistic purposes." (Dkt. 27-1, p. 16.)

Plaintiff's crimes seem to indicate that he cannot control his fetish for stealing women's underwear from their homes, which is a serious crime against the community. It is unclear why Plaintiff would not acquiesce and attend every possible rehabilitative program available to him to increase his chances of success in his next attempt at parole. However, parole is not a right or a requirement. Plaintiff is free to reject that path, bypass an opportunity for parole, and serve out his sentence. Because Plaintiff has not shown that his constitutional rights have been violated, his case is subject to dismissal with prejudice.

## ORDER

IT IS ORDERED that Defendants' Motion for Summary Judgment (Dkt. 22) is GRANTED, and Plaintiff's claims are DISMISSED with prejudice.

DATED: August 16, 2017

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 3**